**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 2:35 pm, Dec 18, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>11-12314</u> |
| JERATH HOSPITALITY, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Debtor's proposed chapter 11 plan amortizes the Georgia Department of Revenue's claim over forty-eight monthly installments with a lump sum payment due prior to the sixtieth month following the petition date. Dckt. No. 122, Plan, Art. IV, §4.3, p. 5. At the hearing, the parties stipulated that all the requirements of confirmation have been met, except for a legal determination of whether the "regular installment payments" language of 11 U.S.C. §1129(a)(9)(C) requires payments at uniform intervals in equal amounts, or whether balloon payments are allowed. For the reasons set forth on the record at the hearing held December 13, 2012 and those set forth herein, I find the Code does not prohibit balloon payments.

Section 1129(a)(9)(C) provides in pertinent part:

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides

> that--
>
> (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim **regular installment payments in cash**--
>
> (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
>
> (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and
>
> (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)).

11 U.S.C. §1129(a)(9)(C)(emphasis added).

As detailed in In re F.G. Metals, Inc., 390 B.R. 467 (Bankr. M.D. Fla. 2008), the phrase "regular installment payments in cash" was added as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to replace "deferred cash payments over a period not exceeding six years after the date of assessment of such claim, of a value, as the effective date of the plan equal to the allowed amount of such claim." In re F.G. Metals, Inc., 390 B.R. 467, 473 (Bankr. M.D. Fla. 2008). The district court in F.G. Metals agreed that the language of the §1129(a)(9)(C) does not prohibit balloon payments. See In re F.G. Metals, 2008 WL

2

4097593, *2 (M.D. Fla. Sept. 4, 2008).[1] As the district court noted:

> A plain reading of the statute indicates that 'regular' is not the same as 'equal.' 'Regular installment payments' means payment made on a recurrent basis over a period of time. Monthly payments are regular payments. There is nothing in the plain reading of the statute that would indicate that monthly payments, followed by a balloon payment, is not an appropriate payment method under the Code. If Congress wanted to say 'equal payments,' it could have done so. If Congress had wanted to say 'no balloon payments,' it could have done so.

Id. at *2. In fact in adopting BAPCPA, Congress knew how to provide for equal monthly payments as shown by the language of §1325(a)(5)(iii)(I) which states "payments shall be in equal monthly amounts" in certain circumstances for a chapter 13 plan to be confirmed. See In re Denton, 370 B.R. 441 (Bankr. S.D. Ga. 2007). As the bankruptcy court stated in F.G. Metals:

> A statute should be read according to its plain meaning, where possible. In re Fretz, 244 F.3d. 1323, 1327 (11th Cir. 2001). In this case §1129(a)(9)(C) provides that holders of certain tax claims shall receive 'regular installment payments in cash.' The section does not provide that the payments shall be in equal amounts throughout the life of the plan. Had Congress intended to impose such a

---

[1] While the district court agreed with the bankruptcy court on this issue, the case was remanded for further findings of fact as to the allocation of the debt between trust and non-trust fund taxes. In re F.G. Metals, 2008 WL 4097593 at *2.

3

> requirement, it certainly knew how to do so, as evidenced by its addition in the same legislation of the requirement in §1325(a)(5)(B) that certain distribution under chapter 13 plans be in 'equal monthly amounts.'

In re F.G. Metals, Inc., 390 B.R. at 475.

Furthermore, the bankruptcy and district courts in F.G. Metals reviewed the legislative history of §1129(a)(9) and noted that in 1999, Congress actually considered amending §1129(a)(9) to expressly prohibit balloon payments to tax claimants; however, this legislation was never adopted. Id. at *2 citing H.R. Rep. No. 106-123, at 54 (1999). Thus, giving further support to the conclusion that the Code does not prohibit balloon payments. All the cases cited by the Georgia Department of Revenue preceded the 2005 amendments to the Bankruptcy Code and reflect one side of the split among the circuits interpreting whether the old language of §1129(a)(9) prohibits balloon payments; therefore, I do not find these cases controlling on the issue currently before the Court. Compare In re Mason and Dixon Lines, Inc., 71 B.R. 300 (Bankr. M.D.N.C. 1987); In re Mahoney, 80 B.R. 197 (Bankr. S.D. Cal. 1987); In re Inventive Packaging Corp., 81 B.R. 74 (Bankr. D. Colo. 1987) with In re Snowden's Landscaping Co., 110 B.R. 56 (Bankr. S.D. Ala. 1990); In re Sanders Coal & Trucking, Inc., 129 B.R. 516 (Bankr. E.D. Tenn. 1991); In re Volle Elec., Inc., 132 B.R. 365 (Bankr. C.D.

4

Ill. 1991), aff'd, 139 B. R. 451 (C.D. Ill. 1992).

Finally, given the nature of chapter 11 plans, where payments are frequently amortized over time with a balloon payment at the end, I find nothing in §1129(a)(9) requires these payments to be in equal monthly amounts.

For these reasons and the reasons set forth on the record at the hearing held December 13, 2012 the Georgia Department of Revenue's objection is **ORDERED OVERRULED**. Debtor's chapter 11 plan shall be confirmed under separate order.

*[signature: Susan D. Barrett]*

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 18th day of December, 2012.

5